(65 Misc. Rep. 192.)

### ADAMS v. H. KOEHLER & CO.

(Supreme Court, Appellate Term. November 30, 1909.)

1. JUDGMENT (§ 725*)—CONCLUSIVENESS—FACTS ESSENTIAL TO FORMER ADJUDICATION—RECOVERY OF RENT AGAINST ASSIGNEE OF LEASE.

A former judgment for rent against the assignee of a lease, introduced in evidence in a subsequent action against him for rent, wherein he alleged his assignment of the lease on a date prior to the months for which rent was recovered in the former action, conclusively established that there was no such assignment by him, the alleged assignment being merely colorable, and that on the 1st day of the month following the last month for which rent was recovered in the former action he was in legal possession of the premises.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 725.*]

2. JUDGMENT (§ 725*)—LANDLORD AND TENANT (§ 208*)—ASSIGNMENT BY LESSEE—ASSIGNEE'S LIABILITY FOR RENT.

Lessor having recovered judgment for rent for certain months against an assignee of his lease, to establish his liability for succeeding months it need only be shown, in a subsequent action for rent, that the assignee's legal possession continued, and, while liable only while privity of estate continues, that continues, not only while he is actually occupying the premises, but so long as he continues in possession.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 725;* Landlord and Tenant, Cent. Dig. §§ 821–831; Dec. Dig. § 208.*]

3. LANDLORD AND TENANT (§ 208*)—ASSIGNMENT BY LESSEE—ASSIGNEE'S LIABILITY FOR RENT.

An assignee of a lease, who has entered into possession, can free himself from liability for rent only by giving up dominion of the property, either by a surrender of the premises or by assigning his lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821–831; Dec. Dig. § 208.*]

4. LANDLORD AND TENANT (§ 231*)—ASSIGNMENT BY LESSEE—ASSIGNEE'S LIABILITY FOR RENT—EVIDENCE.

An assignee of a lease, sued for rent, having been shown to have been in possession on the 1st day of the first of the months for which rent is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

claimed to be due, no evidence is material, to avoid liability except affirmative acts showing or tending to show an abandonment of possession after that date.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from City Court of New York, Special Term.

Action by Henrietta Adams against H. Koehler & Co., a corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Pratt, Koehler & Russell (Jerome H. Koehler and Carl M. Abromeit, of counsel), for appellant.

Henry Kuntz (Abraham P. Wilkes, of counsel), for respondent.

LEHMAN, J. The plaintiff herein brought an action against the defendant, as assignee of a lease of premises known as "No. 1800 Second Avenue" for the months of November and December, 1908, and January and February, 1909. The defendant set up practically a general denial and two separate defenses, alleging that it received the assignment only as collateral security for a loan, and was never in possession of the premises under the assignment, and that on the 20th day of May, 1908, it duly assigned all its rights, title, and interest in said lease to Thomas H. Fox and William J. Harmon, who then entered into possession of said premises under the lease mentioned in the complaint, and that since the said 29th day of May, 1908, it had not been in possession of said premises.

It appears that the plaintiff herein has recovered judgment in an earlier action against the defendant for rent for the months of July to October, 1908. At the trial of this present action, the plaintiff offered in evidence the judgment roll in the previous action. It appears that, with the exception of the names of the months, the pleadings were the same as in this action. The plaintiff then called as her witness the president of the defendant, who testified that since the 30th of September he had not gone near the premises, nor had he or any one in his behalf done anything in regard to the premises, and that during the four months, November, December, January, and February, he was actively connected with the defendant corporation, and that nothing was done to his knowledge on behalf of the corporation with reference to that store from the 30th day of September, 1908, until the 1st day of March, 1909. The plaintiff then rested. The defendant then attempted to show that during the said months it had no property in the store, and that on the 27th day of August, 1908, it removed all its property from the store, and, further, that the plaintiff had, on that day, removed some of the defendant's property from the premises, and that the store was vacant and had a "To Let" sign upon it during the month of November. The defendant then attempted to show the assignment of the lease to Thomas Fox and William J. Harmon on the 20th day of May, 1908.

The trial justice correctly excluded all the evidence on these points. The judgment roll has conclusively established that there was no as-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

signment of the lease on May 20, 1908, the alleged assignment being merely colorable, and that on the 1st day of October the defendant was legally in possession of the premises. To establish liability for the succeeding months, the plaintiff must show only that the legal possession continued. While the defendant is not the lessee, but only the assignee of the lease, and is therefore liable for rent only while the privity of estate continues, yet this privity continues, not only while the defendant is actually occupying the premises, but so long as it continues in possession thereof. In other words, the assignee of a lease, who has entered into possession of the leased premises, can free himself from liability for rent only by giving up the dominion of the property, and he can do so only by surrender of the premises or by assigning his lease. Since the defendant was, by the judgment roll, conclusively shown to have been in possession of the premises on October 1st, no evidence was material, except affirmative acts showing or tending to show an abandonment of possession after that date. The evidence required the justice to find for the plaintiff, and there are no rulings on evidence that present reversible error.

The judgment should be affirmed, with costs. All concur.